UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN,

Plaintiff,

v.

PATRICK LATHROP, et al.,

Defendant.

CASE NO. C25-5968 BHS

ORDER

THIS MATTER is before the Court on plaintiff Foremost Insurance Company's motion for summary judgment, seeking a declaratory judgment that it has no duty to defend its insured, defendant Patrick Lathrop, from defendant Stanley Delano's underlying case against him. Dkt. 15.

Lathrop was a Gig Harbor Safeway customer. As he was checking out, Safeway employee defendant Christoper White told Lathrop there was a shoplifter near the store's exit. Lathrop concluded that another customer, Delano, who had just paid and departed the store, was the culprit. Lathrop took it upon himself to detain Delano, and demanded to see his receipt. Delano resisted, and attempted to flee. Lathrop shot Delano in the neck.

ORDER - 1

Delano survived, and sued Lathrop, Safeway, and White. Lathrop was charged with assault. He testified at trial, claiming he acted in self-defense. The jury found him guilty and he is in prison.

As to Lathrop, Delano's complaint asserts:

> 11.   Plaintiff Delano then became frightened of what defendant Lathrop might do as Ms. Geary was next to him and struck a glancing blow at defendant Lathrop's head to try to get him away from them. Plaintiff Delano and defendant Lathrop quickly spilled outside the store, and plaintiff Delano turned around and walked away from defendant Lathrop, but defendant Lathrop pulled a handgun and shot plaintiff Delano in the neck as he was walking away.
>
> ***
>
> 16. Defendant Lathrop was prosecuted for first degree assault and sentenced to prison.
>
> ***
>
> **VI. DEFENDANT LATHROP'S INTENTIONAL TORTS**
>
> 1. Plaintiff re-alleges paragraphs I.7 through II.16.
> 2. Defendant Lathrop's actions constitute the intentional torts of assault and battery.
> 3. As a direct and proximate cause of defendant Lathrop's actions, plaintiff Delano was injured and suffered damages.

Dkt. 16-1 at 4-5; 7.

Lathrop tendered defense of Delano's lawsuit to Foremost, under his homeowners' insurance policy. Foremost agreed to defend Lathrop under a reservation of rights, and

commenced this declaratory judgment action[1] to obtain a judicial determination of its obligation to continue defending, and to ultimately indemnify, Lathrop.

## I.  DISCUSSION

Foremost argues and demonstrates that its policy does not cover intentional acts or the foreseeable consequences of such acts; it only covers damages caused by accidents. It specifically excludes bodily injury "resulting from an act committed [] in the course of or in furtherance of any crime or offense of a violent nature." Dkt. 15 at 5-7. It seeks a summary judgment declaring that it has no duty to defend or indemnify Lathrop from Delano's underlying claim against him.

Lathrop claims—as he did in his criminal trial—that he acted in self-defense. He argues that Foremost's policy contains an exception to its intentional act exclusion for "the use of reasonable force to protect persons or property." Dkt. 18 at 2; *see also* Foremost's summary judgment motion, Dkt. 15 at 13 (citing Policy, Dkt. 1-2 at 24).

Lathrop asserts that his self-defense claim triggers Foremost's duty to defend:

> [A]s set forth in Mr. Lathrop's sworn testimony and defense in the underlying action, Mr. Lathrop acted in self-defense in response to the conduct of Stanley Delano. That fact alone is sufficient to trigger Foremost's duty to defend.

Dkt. 18 at 3.[2] Lathrop cites no authority in support of this assertion, and it is inconsistent with Washington law on what triggers an insurer's duty to defend.

---

[1] Lathrop (and his defendant spouse) is Foremost's insured. Foremost also named as defendants in this declaratory judgment action underlying plaintiff Delano, underlying defendant Safeway, and its employee, defendant Christopher White.

[2] Lathrop's self-defense testimony at his criminal trial is in the record. Dkt. 19-1.

1    Lathrop also argues the fact the jury rejected his defense and convicted him of a
2    felony does not preclude his assertion of self-defense in the underlying civil case or
3    deprive him of coverage in this one: "Collateral estoppel is an equitable doctrine that will
4    not be applied mechanically where doing so would work an injustice." Dkt. 18 at 4
5    (citing *Hadley v. Maxwell*, 144 Wn.2d 306, 315 (2001)).
6    The issues are addressed in turn.
7    Interpretation of an insurance contract is a question of law. *Woo v. Fireman's*
8    *Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007). Terms are to be interpreted as the "average
9    person purchasing insurance" would understand them. *Id*. While the insured has the
10   burden of proving that claims fall within a grant of coverage, the insurer has the burden
11   of proving that an exclusion bars coverage. *See McDonald v. State Farm Fire & Cas.*
12   *Co.*, 119 Wn.2d 724, 731 (1992).
13   In Washington, the duty to defend arises when an action is filed and is based on
14   the potential for liability. *Woo*, 161 Wn.2d at 52. "Upon receipt of the complaint against
15   its insured, the insurer is permitted to use the 'eight corners rule' to determine whether,
16   on the *face of the complaint* and the insurance policy, there is an issue of fact or law that
17   could conceivably result in coverage under the policy." *Xia v. ProBuilders Specialty Ins.*
18   *Co.*, 188 Wn.2d 171, 182 (2017) (citing *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d
19   793, 803 (2014)) (emphasis added). If the insurance policy "*conceivably covers*" the
20   complaint's allegations, the duty to defend is triggered. *Woo*, 161 Wn.2d at 53.
21   "[I]f a complaint is ambiguous, a court will construe it liberally in favor of
22   triggering the insurer's duty to defend." *Id*. Although an insurer may look outside the

ORDER - 4

complaint if the allegations are contradictory or ambiguous, or if coverage is unclear, the insurer may only rely on extrinsic facts to *trigger*—not deny—the duty to defend. *Id.* at 54; *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 752 (2013).

Once the duty to defend attaches, insurers may not desert policyholders and allow them to incur substantial legal costs while waiting for an indemnity determination. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 761 (2002). An insurer "unsure of its obligation to defend in a given instance . . . may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend. *Id.* This way, "the insured receives the defense promised, and if coverage is found not to exist, the insurer will not be obligated to pay." *Id.* (quoting *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 563 n.3 (1998)).

Delano's claims against Lathrop are not conceivably covered by Foremost's insurance policy as a matter of law. First, Foremost correctly contends that under Washington law, the duty to defend is triggered by the allegations on the face of the underlying complaint, not in the insured's response to it. *Xia*, 188 Wn.2d at 182. Delano's complaint unambiguously alleges that Lathrop intentionally assaulted him. Dkt. 1-1 at 7. An intentional tort is not covered under the Foremost policy.

Second, even if the four corners of Delano's complaint implicated a conceivably covered the "use of reasonable force to protect persons or property," Lathrop already litigated this self-defense claim, and lost. He is collaterally estopped from asserting that his defense to Lathrop's civil intentional tort claim is covered because he was using reasonable force to defend himself.

Collateral estoppel prevents re-litigation of an issue "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Amadeo v. Principal Mutual Life Insurance Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Collateral estoppel applies when the following factors are satisfied: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), as amended (May 3, 2012) (looking to the record to determine if an issue had been raised, contested and submitted for determination)).

Lathrop asserted self-defense in his criminal trial. He contended the state could not prove beyond a reasonable doubt that he intentionally assaulted Delano, because he was instead using reasonable force to defend himself. The jury necessarily and irrevocably rejected that position when found him guilty[3] of first-degree assault. The viability of the defense was squarely at stake in the criminal case, and it is at stake in this case. The reasonableness of Lathrop's intentional use of force was actually litigated and necessarily decided in the criminal trial (where the state had to prove its case beyond a reasonable doubt). Lathrop had a full and fair opportunity to litigate that defense. *See* Dkt. 19-1. And the jury necessarily resolved the viability of Lathrop's self-defense claim as a prerequisite

---

[3] The Washington Court of Appeals affirmed Lathrop's conviction. *Wash. v. Lathrop*, 31 Wn.App.2d 1072 (Wash. App. July 23, 2024) (unpublished).

to convicting him. It rejected that claim, and found beyond a reasonable doubt that Lathrop had intentionally assaulted Delano. Criminal convictions have preclusive effect where, as here, they resolve "the critical issue" in the coverage case. *See* Dkt. 21 at 5–6 (citing *Martinez v. Universal Underwriters Ins. Co.*, 819 F. Supp. 921, 923 (1992); and *Safeco Ins. Co. v. McGrath*, 42 Wn. App. 58, 62 (1985)).

Lathrop is collaterally estopped form re-litigating the reasonableness of his use of force in this coverage case.

Foremost's summary judgment motion, Dkt. 15, is **GRANTED**. Its policy does not cover intentional acts and it does not cover Delano's claim against its insured, Lathrop. Lathrop is collaterally estopped from re-litigating the merits of his self-defense claim. Foremost has no duty to defend or indemnify Lathrop in the underlying case as a matter of law.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 16th day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge